## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Walter Stinnett, Jr., | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:21cv127 (TSE/JFA) |
| | ) | |
| Harold Clarke, | ) | |
|     Respondent. | ) | |

### <u>MEMORANDUM OPINION</u>

Walter Stinnett, Jr. ("Stinnett" or "petitioner"), a Virginia inmate proceeding <u>pro se</u>, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his October 16, 2019 convictions in the Circuit Court of the City of Chesapeake, Virginia for driving as a habitual offender, second or subsequent offense, and misdemeanor possession of marijuana. Respondent has filed a Motion to Dismiss, with a supporting brief and exhibits. [Dkt. Nos. 10-12]. Stinnett has been notified of the opportunity to file responsive materials pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) [Dkt. No. 13], and he has not responded. Accordingly, this matter is now ripe for disposition. A review of the record in this matter establishes that the respondent's Motion to Dismiss must be granted, and the petition will be dismissed with prejudice.

### I. Procedural History

Stinnett is currently confined pursuant to a final order of the City of Chesapeake Circuit Court dated October 16, 2019. Stinnett was convicted, on his pleas of guilty and no contest, of driving as a habitual offender, second or subsequent offense, and misdemeanor possession of marijuana. <u>Commonwealth v. Stinnett</u>, Case Nos. CR18-866-00 and -01 (R. at 152-54).The circuit court sentenced Stinnett to five years and six months of in prison, with three years and seven months suspended, for an active sentence of one year and eleven months. (<u>Id.</u>). Stinnett did

not file a notice of appeal in the circuit court or a petition for appeal in the Court of Appeals of Virginia or the Virginia Supreme Court.

On April 6, 2020, Stinnett filed a timely petition for writ of habeas corpus in the Supreme Court of Virginia, Stinnett v. Clarke, Record No. 200481 ("VSCT R. at __") raising the following allegations:

(a) Probable Cause: I didn't get a ticket for initial stop. Va. Code § 19.2-59.
(b) Due Process: 4th, 5th, 6th Amendments of Organic Constitution.
(c) No valid contract: UCC -8.1-103, 8.10-203, 8.01-30.8 per HJR of 192 of 1933.

(VSCT R. at 14). In addition, Stinnett alleged his attorney was ineffective for not filing a discovery motion in general district court to obtain the video recording of the traffic stop that led to Stinnett's arrest. He argued that had counsel obtained the video, and proceeded with the preliminary hearing, his charges would have been dismissed. (Id. at 17-18).

The Supreme Court of Virginia dismissed the habeas petition on December 9, 2020 finding that claims (a) through (c) were barred from review in habeas because those claims were "non-jurisdictional issues [that] could have been raised at trial and on direct appeal and, thus, [were] not cognizable in a petition for a writ habeas." (Id. at 227, citing Slayton v. Parrigan, 215 Va. 27, 29 (1974)). The Supreme Court of Virginia dismissed the ineffective assistance claim finding that counsel had obtained copies of several videos through discovery that depicted the traffic stop and that after reviewing the videos "counsel determined that they supported the officer's articulated reasons for the traffic stop." (VSCT R. at 227). The court then found that the petitioner had failed to establish a valid claim of ineffective assistance of counsel under Hill v. Lockhart, 474 U.S. 52, 59 (1985) and dismissed the claim. (Id. at 228).

## II. Exhaustion and Procedural Default

On February 4, 2021, Stinnett filed his federal petition for writ of habeas corpus, which raises the following claim:

> Ground 1: "Jurisdiction, injured party, no valid contract, no probable cause, no initial ticket for purpose of the stop." [Dkt. No. 1 at 5].

Respondent admits that the petition was timely filed and that "Stinnett presented all of the claims encompassed by Ground 1 to the Supreme Court of Virginia in his state habeas petition" as state habeas claims (a), (b), and (c), and has therefore exhausted his claim "for purposes of federal habeas review." [Dkt. No. 12, ₱ 7].

Although exhausted, Stinnett's federal claim is barred from federal habeas review because the Supreme Court of Virginia found the components of his federal claim were defaulted under the rule of Slayton v. Parrigan. "A federal habeas court may not review a claim when a state court has declined to consider its merits on the basis of an independent and adequate state procedural rule." Bacon v. Lee, 225 F.3d 470, 476 (4th Cir. 2000) (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)); Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (dismissal of a claim on procedural grounds in state court precludes federal review of the claim). "The Fourth Circuit has repeatedly recognized that the procedural default rule set forth in Parrigan constitutes an adequate and independent state law ground for decision." Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998) (quoting Mu'min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997)); see Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2005) (Slayton v. Parrigan is a procedural bar that "constitutes an adequate and independent state law ground for default" and precludes federal habeas review of the merits of the claim) (citing Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998)). The dismissal of the state claims pursuant to the rule of Slayton v. Parrigan precludes federal

review of Stinnett's federal claim unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law" or a fundamental miscarriage of justice. Vinson, 436 F.3d at 417.

Whether a petitioner has established cause "ordinarily turn[s] on whether the prisoner can show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Cause refers to "some objective factor external to the defense" that impeded compliance with the State's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (citation omitted). Factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable;" (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel;" (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel. Wright, 151 F.3d at 160 n.5 (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). In addition, an absence of due diligence by the petitioner will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

Here, Stinnett pleaded guilty and no contest to his charges and agreed to a stipulation of facts that summarized the prosecution's evidence. (R. at 74-75; 160). The stipulation established that on January 31, 2018, Stinnett was stopped for a traffic infraction in the City of Chesapeake and when asked for his license, Stinnett told the officer "that he did not have a license and that it was suspended." (R. at 74). The DMV abstract indicated that Stinnett had been convicted of driving after having been declared a habitual offender on five prior occasions in Virginia. (Id.). The stipulation also established that Stinnett had possessed a bag of marijuana that a second officer had found on the ground next to Stinnett after Stinnett had exited the vehicle. (Id.). Stinnett admitted to the second officer that he had been concealing the marijuana in his shirt

4

pocket prior to discarding it. (Id.). Stinnett has not argued cause to excuse his default, and none is apparent from the record.

Further, Stinnett's "pro se status and his ignorance of Virginia law do not constitute cause sufficient to excuse his default." Wilson v. Lee, No. 3:02CV551, 2003 U.S. Dist. LEXIS 29320, *4 (E.D. Va. Apr. 4, 2003) (citations omitted); see Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002) ("youth and lack of education do not constitute the type of external impediment sufficient to excuse a procedural default"); Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993) (ignorance or inadvertence do not constitute cause to excuse a procedural default); Henderson v. Cohn, 919 F.2d 1270, 1272 (7th Cir. 1990) ("illiteracy does not constitute cause for a procedural default") (collecting cases); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986 (illiteracy does not constitute cause); Baugh v. Lane, 722 F. Supp. 525, 531, (C.D. Ill. 1989) ("pro se status and ignorance of the law" are "insufficient to establish cause.") (collecting cases); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control). Because Stinnett cannot establish cause to excuse his default, there is no need to reach the issue of prejudice. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995).

Stinnett has also not argued that failure to consider his claim will result in a fundamental miscarriage of justice because he is actually innocent of the crimes for which he has been convicted. Proof of a fundamental miscarriage of justice requires "a constitutional violation [that] has probably resulted in the conviction of one who is 'actually innocent' of the substantive offense." Richmond v. Polk, 375 F.3d 309, 323 (4th Cir. 2004) (citation and internal quotation marks omitted). In McQuiggin v. Perkins, 569 U.S. 383 (2013), the Supreme Court held that a

5

convincing claim of actual innocence "may allow a prisoner to pursue his constitutional claims ...

on the merits notwithstanding the existence of a procedural bar to relief," and then noted the

exception applies only in a "severely confined category" – that is, cases in which reliable *new*

*evidence* shows that "it is more likely than not that 'no reasonable juror' would have convicted"

the petitioner had the evidence been available at trial. Id. at 392 (quoting Schlup v. Delo, 513

U.S. 298, 329 (1995)).

Stinnett has not presented any new evidence to establish a claim of actual innocence.

Thus, the rigorous requirements of Schlup and McQuiggin, are not met such as to allow federal

review of his procedurally defaulted claim. See Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d

584, 588-89 (E.D. Va. 2006) (rejecting fundamental miscarriage of justice argument when

petitioner "introduce[d] nothing new, but present[ed] instead a selective version of the facts and

omit[ted] those facts belying his actual innocence claim").[1]

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss [Dkt. No. 10] is granted, this

petition must be dismissed with prejudice. An appropriate Order and judgment shall issue.[2]

Entered this _3rd_ day of _June_ 2021.

Alexandria, Virginia

/s/

T. S. Ellis, III
United States District Judge

---

[1] Although not raised by Stinnett, the United States Supreme Court's narrow holding in Martinez v. Ryan, 566 U.S. 1 (2012) is not applicable in his case because he does not seek to raise a defaulted ineffective assistance of counsel claims.

[2] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Stinnett fails to meet this standard.